# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| EMERALD CITY SPA, INC., a Washington corporation, and SUK H. KIM, | ) ) ) | No. 68831-6-I |
| Appellants, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| JUNG UNG KIM and SANG AE KIM, husband and wife, KWANG BAE KIM dba TEA & TAX MINISTRY, | ) ) ) ) | |
| Respondents. | ) ) | FILED: January 13, 2014 |

2014 JAN 13 AM 9: 19
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

GROSSE, J. — When, as here, the record contains no evidence of a prior adjudication, a claim of res judicata cannot stand. Accordingly, we affirm.

## FACTS

Suk H. Kim is an owner and officer of Emerald City Spa, Inc. Emerald City Spa operates a day spa in Federal Way, Washington called the Palace Spa. Jung Ung Kim entered into an agreement with Emerald City Spa that permitted Kim[1] to operate a food service inside Palace Spa. By its own terms, the agreement was to expire on September 30, 2010 unless Kim properly exercised an extension option. Emerald City Spa claimed that Kim did not properly exercise the extension option and denied Kim access to the spa after September 30, 2010.

On October 6, 2010, Kim filed a small claims lawsuit in King County District Court against Emerald City Spa (Claim 1). The claim alleged "unlawful eviction, changed the

---

[1]To avoid confusion, we refer to Jung Ung Kim as "Kim," and Suk H. Kim and Emerald City Spa collectively as "Emerald City Spa."

lock, claiming plaintiff's gross sales in the amount of $5,000 for the month of October 2010." A trial date was set for November 22, 2010.

On November 16, 2010, Kim filed a second small claims lawsuit (Claim 2), alleging the same facts and asserting the same claim as the first lawsuit, but seeking additional damages for lost sales for the month of November 2010. Trial was set for January 3, 2011. At the hearing on January 3, 2011, the district court awarded to Kim a judgment of $5,000. Emerald City Spa appealed and the King County Superior Court reversed, concluding that Kim did not properly execute the extension because the lease was not properly notarized.

On January 24, 2011, Kim filed a third small claims lawsuit (Claim 3), alleging the same facts and claims as the second case, seeking an additional $5,000 in damages for lost sales in the month of December 2010. Following the appeal of the second case, the district court apparently dismissed all three cases on the merits.[2]

On August 23, 2011, Kim filed a fourth small claims lawsuit (Claim 4), alleging the same grounds for relief as in the third case, i.e., "Defendant suddenly changed the door lock and evict [sic] Plaintiff," and claiming "plaintiff's equipments and perishable food and sauces held by defendants." A trial date was set for November 21, 2011.

On December 2, 2011, Kim filed a fifth small claims suit (Claim 5). This claim alleged identical grounds for relief as claimed in Claim 4, i.e., "Defendant suddenly changed the door lock and evict [sic] Plaintiff. Claiming plaintiff's equipments and perishable food and sauces held by defendants." A trial date was set for January 30,

---

[2] There are no dismissal orders in the record; Emerald City Spa cites to the transcript of the hearing on the fifth claim, during which the court acknowledged that it dismissed the prior claims based on breach of the lease after Emerald City Spa prevailed on its appeal to the superior court.

2012.

Meanwhile, on January 26, 2012, Emerald City Spa sought an injunction in superior court prohibiting Kim from filing further small claims suits in district court, asserting that the claims were barred by res judicata.

On January 30, 2012, Claim 5 came on for a hearing in the district court. The district court awarded judgment of $5,000 to Kim. The court found:

> Plaintiff's claim was for equipment and perishable foods that were in the custody of the Defendant and not returned to Plaintiff at the end of Plaintiff's lease. Plaintiff also claims $3,000 deposit owed to him. Plaintiff offered sufficient proof to establish his claim by a preponderance of the evidence.

Emerald City Spa appealed to the superior court, contending that the claim was barred by res judicata, asserting that the other four claims that asserted identical grounds for relief were dismissed.

On February 27, 2012, Emerald City Spa brought a motion for a default judgment on the injunction matter because Kim failed to answer the complaint. Kim did not appear at the hearing and the superior court entered a default order based on Kim's failure to respond. The court then entered judgment for Emerald City Spa on the injunction, ordering that Kim was permanently enjoined "from filing further small claims lawsuits arising out of the same facts as alleged in King County District Court cause numbers: 104-2772 [Claim 1], 104-3142 [Claim 2], 114-1738 [Claim 3], 114-3427 [Claim 4] and 114-4180 [Claim 5]."

On May 1, 2012, the superior court ruled on Emerald City Spa's appeal of Claim 5. The superior court modified the district court's judgment as follows:

1. The lease at issue essentially expired 9-30-10.
2. The current claim by Respondent for return of equipment and for

3

reimbursement for lost food differs from prior claims for loss of gross sales. This current claim is therefore not barred.

3. For the record, the retained equipment value is $2,510.00 and judgment therefore is for Respondent. Judgment for non-perishable foodstuffs @ $2,752 is properly awarded as the first claim specifying food was approx. 1 year after the lease expired.

Emerald City Spa moved for discretionary review of this decision. A commissioner ordered that the motion for discretionary review be treated as a notice of appeal in this court, as appeals of small claims are a trial de novo in superior court and are therefore appealable as of right.

## ANALYSIS

Emerald City Spa contends that Claim 5 was barred by res judicata because it alleged identical grounds for relief and claimed identical damages as Claim 4, which was dismissed for Kim's failure to appear. Kim has not filed a response to Emerald City Spa's appeal.

If the facts were such as Emerald City Spa asserts, res judicata would operate to bar Claim 5.[3] But while Emerald City Spa asserts that Claim 4 was in fact dismissed, the record does not contain a dismissal order or any evidence of an adjudication of that claim.[4] The record simply indicates that the claim was filed and a trial date was set for November 21, 2011. Thus, we have no way of knowing whether there was a final judgment on the merits on Claim 4 that had res judicata effect. Accordingly, without any record of the dismissal, there is no support for the res judicata claim.

---

[3] Hilltop Terrace Homeowner's Ass'n v. Island County, 126 Wn.2d 22, 31, 891 P.2d 29 (1995) ("Resurrecting the same claim in a subsequent action is barred by res judicata.").
[4] Emerald City Spa simply cites to its brief in its appeal to the superior court and its motion in support of the injunction.

We affirm.

WE CONCUR: